IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ORIX FINANCIAL SERVICES, INC. § | | |
| F/K/A ORIX CREDIT ALLIANCE, INC. § | | PLAINTIFF |
| § | | |
| v. § | | CAUSE NO. 1:05CV293 |
| § | | |
| HAROLD E. SIMMONS § | | DEFENDANT |

**MEMORANDUM OPINION AND ORDER GRANTING**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

THE MATTER BEFORE THE COURT is Plaintiff's Motion for Summary Judgment [6], filed December 30, 2005. The Defendant has not filed a response. After due consideration of the Plaintiff's motion and evidence, and the relevant law, it is the opinion of the Court that Plaintiff is entitled to summary judgment. Plaintiff's Motion should therefore be granted.

DISCUSSION

Plaintiff ORIX Financial Services, Inc. ("ORIX") brought this lawsuit to recover $262,890.30, plus interest, from the Defendant Harold E. Simmons. Plaintiff alleges that in order to obtain financing for logging equipment purchased from ORIX for his company, 5-S Timber Company, Inc., Simmons executed a personal guarantee in favor of ORIX. The Guaranty form, dated July 3, 1999, showing the notarized signature of Harold E. Simmons, is attached as Exhibit 2 to the Plaintiff's Motion. According to Simmons' handwritten answer to the complaint, his company filed for Chapter 11 reorganization, which was later converted to a Chapter 7 liquidation under the U.S. Bankruptcy Code.[1]

The evidence shows that counsel for the Plaintiff were involved in the bankruptcy

---

[1] The answer is imprecise, but it appears from the evidence submitted by the Plaintiff that it was the company, and not Simmons personally, who filed for bankruptcy relief and obtained a discharge after the guaranty form was executed.

proceeding and a related adversary proceeding in 2002 through 2004, and in 2005 they filed this lawsuit.  (Ex. 3A).  According to the affidavit of ORIX Assistant Vice President David R. Brown (Ex. 1), the balance due from Harold Simmons on May 20, 2005 was $250,009.67.  Interest accrued at $82.77 per day, and as of December 30, 2005 the total interest due was $18,540.48.  The total attorneys fees requested is $16,582.50.  In regard to attorneys fees, the guaranty form signed by Harold Simmons states:

> If [ORIX] become[s] involved in any lawsuit against any of [the Personal Guarantors] or concerning a breach of any covenant or agreement herein contained, [the Personal Guarantors] shall be obligated to pay to [ORIX], and [ORIX] may obtain judgment for, (a) all unpaid balances and any other monies due to you from [5-S Timber Company, Inc.]; (b) all costs and expenses of any such suit; (c) 20% of the sum of (a) plus (b), representing attorneys' fees (which sum is deemed to be reasonable), plus (d) interest on (a)(b) and (c) at the highest lawful rate provided for in any of the Security Obligations until such sums is paid in full (the sum of (a)(b)(c) and (d) called "the Judgment Amount").

(Exhibit 2).

The Guaranty form specifically sets out the amount of attorneys' fees deemed to be reasonable (20% of the unpaid amount, plus costs and expenses of the suit) in the event that ORIX had to bring suit to recover under the Guaranty.  Consequently, ORIX is entitled to recover reasonable attorneys' fees and expenses related to its successful suit in this court.  *ConAgra, Inc. v. Country Skillet Catfish Co.,* 96 Fed.Appx. 171, 178, 2004 WL 190205, **6 (5th Cir. 2004).  However, as ORIX has made clear, the bankruptcy proceedings were related to the 5-S Timber Company and not Harold Simmons.  Therefore, that portion of the requested attorneys' fees which are not related to enforcement of the Guaranty against Harold Simmons should not be allowed.  Examining counsels' statements, it appears that collection efforts against Harold Simmons began on May 17, 2005 (Ex. 3A, unnumbered page 17).  Total fees, expenses and costs

from that date to December 30, 2005 appear to be $3,701.87.  The Court finds this amount to be reasonable when considered in conjunction with counsel's affidavit (Ex. 3) and the 12 factors enumerated in *In the Matter of First Colonial Corp. of America,* 544 F.2d 1291 (5th Cir.1977).

The Court therefore concludes that ORIX has shown that it is entitled to summary judgment because there is no question of material fact on the issue of Harold Simmons' liability to ORIX under the Guaranty.  The amount due to ORIX from Harold Simmons is calculated as follows:

| | |
|---|---|
| Balance due May 20, 2005 | $250,009.67 |
| Contractual interest at $82.77/day from May 20, 2005 to February 10, 2006 | $ 22,016.82 |
| Attorneys fees | $   3,701.87 |
| Total | $275,728.36 |

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Plaintiff's Motion for Summary Judgment [6] is **GRANTED**.  ORIX is entitled to judgment as a matter of law pursuant to FED. R. CIV. P. 56 against Harold E. Simmons in the amount of $275,728.36, with interest to accrue at the rate provided by law until the judgment is paid in full.  A separate judgment will issue.

**SO ORDERED AND ADJUDGED** this the 10th day of February, 2006.

                                                s/ *Louis Guirola, Jr.*
                                                LOUIS GUIROLA, JR.
                                                UNITED STATES DISTRICT JUDGE